UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00740-DJH

CHARLES ZOELLER                                                  PLAINTIFF

vs.

OFFICER WALTER BAKER, *et al.*                                  DEFENDANTS

---

**MEMORANDUM OF LAW SUPPORTING DEFENDANTS BULLITT COUNTY
SHERIFF WALT SHOLAR AND BULLITT COUNTY SHERIFF'S OFFICE MOTION
TO DISMISS**

---

Come Defendants, Bullitt County Sheriff Walt Sholar, individually and in his official capacity (hereinafter, "Sheriff Sholar"), and Bullitt County Sheriff's Office (hereinafter, "BCSO") (hereafter collectively "these Defendants"), by counsel, pursuant to *Fed. R. Civ. P.* 12(b)(6) and LR 7.1, and state as follows for these Defendants' Memorandum of Law in Support of their Motion to Dismiss.

**INTRODUCTION**

Plaintiff brings the following claims against these Defendants: (1) Deprivation of Property without due process of law under the Fourteenth Amendment; (2) Municipal Liability pursuant to *Monell v. Dep't of Soc. Services,* 436 U.S. 658 (1978); and, (3) state law claims sounding in Negligence, Negligent Supervision and Negligent Infliction of Emotional Distress ("NIED").

Plaintiff's claims fail because the Complaint establishes that Plaintiff does not have standing to sue these Defendants for the purported deprivation of property that Plaintiff did not own. Additionally, Plaintiff's claims couched under the Fourteenth Amendment fail because:

(a) BCSO cannot be held liable for an injury solely inflicted by an agent; (b) there is no allegation that Sheriff Sholar or any BCSO Deputy acted under "color of law;" (c) there is no allegation that state remedies for redress are inadequate; (d) there is no indication Sheriff Sholar or any BCSO deputy was present or had knowledge of Plaintiff's subject arrest and the towing of *the passenger's* vehicle; (e) there is no indication of any agency (or employment relationship) between these Defendants and Defendant Troy's Wrecker Service, Inc; and, (f) Plaintiff fails in his attempt to plead a §1983 conspiracy claim.

Next, Plaintiff's *Monell* claim fails to articulate any BCSO policy, rule or custom that was the moving force behind any alleged constitutional violation.  Further, the Negligence, Negligent Supervision and NIED claims fail to establish these Defendants owed any duty to Plaintiff (or breached same).  Finally, the state law claims against BCSO and Sheriff Sholar individually are also barred by sovereign immunity and qualified official immunity, respectively.

**STATEMENT OF FACTS**

Plaintiff Charles Zoeller ("Plaintiff") alleges Defendant Hillview Police Officer Walter Baker ("Officer Baker") initiated a traffic stop of Plaintiff based on a warrant for the registered owner of the vehicle Plaintiff was driving. *Complaint,* ¶ 17.  After Plaintiff repeatedly refused to provide Officer Baker with identification, Defendant Hillview Police Officer, Kenneth Janes ("Officer Janes") arrived to assist Officer Baker (hereinafter collectively, "Hillview Officers"). *Id.,* ¶¶ 18-19, ¶ 21.  When Plaintiff refused to exit the vehicle, the Hillview Officers each grabbed one of Plaintiff's arms, removed him from the vehicle, took him to the ground and handcuffed him. *Id.,* ¶ 1, ¶ 22.  Hillview Officers then investigated the warrant and discovered a passenger in the vehicle was the registered owner. *Id.,* ¶ 24.  After Plaintiff was detained, Officer Baker allegedly stated, "he's going to lose the car" and arranged to have the subject vehicle towed from

the scene by Defendant Troy's Wrecker Service, Inc. ("Troy's Wrecker Service").  *Id., ¶¶* 29-32.

Troy's Wrecker Service subsequently arrived, took possession of the vehicle, then sent lien notices

to Plaintiff, scheduled a public sale of the vehicle but did not actually perform a public sale.

*Complaint, ¶* 32.  Plaintiff alleges Troy's Wrecker Service did not provide required statutory

notices to Plaintiff or allow Plaintiff to contest the taking of,  or to recover the, vehicle per the

statutory process.  *Id., ¶¶* 32-33.

While Plaintiff alleges Troy's Wrecker Service has a contract with BCSO to impound cars,

the subject vehicle was not ordered to be towed by BCSO, Sheriff Sholar or any deputy, and

Plaintiff does not allege Sheriff Sholar, BCSO or any of its deputies were involved or had

knowledge of any alleged deficient notices or the scheduling/performance of any public sale of the

subject vehicle.  *Complaint, generally.*  Moreover, the Complaint does not allege that Plaintiff

owned the vehicle but that the unidentified passenger of same, who is not a party to this action,

was in fact the registered owner.  *Complaint, ¶¶* 17,  24.  Plaintiff does not allege Troy's Wrecker

Service is a Bullitt County governmental agency, an employee of BCSO or Sheriff Sholar, or that

these Defendants had any control or supervisory authority over Troy's Wrecker Service.  *Id.*

Further, Plaintiff does not allege Sheriff Sholar, BCSO or any BCSO  deputies were present during,

or had knowledge of, the alleged traffic stop, Plaintiff's removal from the subject vehicle, his

arrest, Hillview Officers' subsequent investigation into the warrant or the Hillview Officers' orders

to Troy's Wrecker Service to take possession of the vehicle.  *Id.*  Consequently, as outlined below,

Plaintiff's Complaint fails to allege these Defendants had anything to do with Plaintiff's arrest or

the taking/impounding of the subject vehicle and all claims against them must be dismissed.  *Id.*

## LAW & ARGUMENT

### I.   STANDARD OF REVIEW

A plaintiff's claim is appropriately dismissed pursuant to *Fed. R. Civ. P.* 12(b)(6) when the Complaint fails to state a claim upon which relief can be granted.  Pursuant to a Rule 12(b)(6) motion to dismiss, the Court is to "construe the complaint in a light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTv, Inc. v. Treesh,* 487 F. 3d 471, 476 (6th Cir. 2007).  However, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Id.* (quotation omitted).  The Sixth Circuit has opined, "legal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Term. Dep't of Children's Servs.* 510 F. 3d 631, 634 (6th Cir. 2007).

A Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). Fed. R. Civ. P. 12(b)(6) requires the Court to evaluate a plaintiff's Complaint in order to ascertain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Surviving a Rule 12(b)(6) motion requires "[f]actual allegations contained in [the] complaint [that] 'raise a right to relief above the speculative level.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  Plaintiff's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

Taking all of Plaintiff's allegations set forth in the Complaint as true, there are no set of facts/circumstances wherein Plaintiffs can succeed against these Defendants

## II.    PLAINTIFF LACKS STANDING

In *Lujan v. Defenders of Wildlife,* the United States Supreme Court established three elements Plaintiff must satisfy to meet the minimum foundational framework to have standing before this Court.  504 U.S. 555 (1992).  (1) Plaintiff must demonstrate an injury-in-fact, defined as "an invasion of a legally protected interest which is (a) concrete and particularized…and (b) 'actual or imminent, not 'conjectural' or 'hypothetical'"; (2) there must be causation, defined as "a causal connection between the injury and the conduct complained of – the injury has to be 'fairly trace[able] to the challenged action of [these Defendants], and not…the[e] result of the independent action of some third party"; and, (3) there must be redressability, which requires "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Id.*   Plaintiff, as "the party invoking federal jurisdiction[,] bears the burden of establishing these elements." *Id.*  Similar to *Lujan*, "[s]tanding is particularly difficult to show here, since third parties, rather than [Plaintiff], are the object of the Government action or inaction to which [Plaintiff] object[s]."  504 U.S. at 555 (changes added).

Here, even when construed in the light most favorable to Plaintiff, the allegations in the Complaint fail to meet all three minimum requirements to have standing.  *Id., DirectTv, Inc.,* 487 F. 3d at 476.

First, the Complaint alleges individuals other than these Defendants (the Hillview Officers) conducted the subject traffic stop and said other individuals then directed Troy's Wrecker Service to tow the subject vehicle.  *Complaint,* ¶¶ 17-19, 21, 29-32.   The vehicle Plaintiff complains as improperly taken was not owned by Plaintiff, but instead was the property of a passenger in the

vehicle who is not a party to this action. *Id., ¶ 24.* Subsequently, Plaintiff submits that Troy's Wrecker Service failed to provide the required statutory notices for the alleged unlawful taking. *Complaint, ¶¶ 17-19, 21, 24, 29-33.* In short, Plaintiff brings the instant lawsuit for the alleged unlawful taking and disposition of property that Plaintiff expressly alleges Plaintiff did not, and does not, own. *Id.*

These allegations clearly do not establish an "injury-in-fact" to Plaintiff that "affect[ed] [him] in a personal and individual way" or a concrete injury that "actually exist[s]." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (1978) *Kardules v. City of Columbus*, 95 F.3d 1335 (6th Cir. 1999); *Merrow v. Horizon Bank*, 699 F.Supp.3d 605 (E.D.K.Y. 2003). Per the Complaint, some unknown non-party owned the vehicle – thereby eliminating the plausibility Plaintiff suffered any requisite "injury-in-fact" from the taking and/or disposition of the vehicle. *Spokeo,* 578 U.S. 330. Secondly, the allegations do not show any "causal connection" between the conduct of these Defendants and any concrete or particularized injury of Plaintiff. *Lujan,* 504 U.S. 555. The Complaint explicitly alleges that the challenged actions complained of – the taking of the subject vehicle and an alleged failure to provide the requisite statutory notices – is directly traceable to the conduct of individuals and entities other than these Defendants. *Id.* Finally, the Complaint lacks any redressability as to these Defendants because there is no concrete/particularized injury that is traceable to their conduct, which eliminates the plausibility it is likely, rather than merely speculative, any injury will be redressed by a favorable decision against these Defendants. *Id.* Based on the foregoing, Plaintiff has no standing to sue these Defendants for the claims lodged in the Complaint and dismissal is therefore required. *Lujan, supra.*

III.   **ALTERNATIVELY, CLAIM UNDER FOURTEENTH AMENDMENT FAILS ON ITS MERITS**

Plaintiff alleges "Defendants conspired together to convert [Plaintiff's] car into their own possession when the Officers agreed that [Plaintiff] would 'lose' the car, to have Troy's take the car, and to not properly ensure that Troy's provided constitutionally required notices for recovery, and the required public sale." *Complaint,* ¶ 41.  Plaintiff also alleges Defendants deprived him of his property and concealed their "enterprise." *Id.,* at ¶ 42.  These implausible allegations do not establish a Fourteenth Amendment Deprivation of Property claim, as outlined in detail below.

**A. BCSO Cannot Be Liable Pursuant § 1983 for Injury Solely Inflicted by Agent**

"[A] local government cannot be sued under Section 1983 for an injury inflicted solely by its employees or agents." *Webb v. Jessamine County Fiscal Court,* 802 F. Supp. 2d 870, 885 (E.D. Ky. 2011) quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Taylor v. Michigan Dep.'t of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (*respondeat superior* will not support §1983 claim).  "A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing."  *Gregory v. City of Louisville,* 444 F.3d 725, 752 (6th Cir. 2006); *Monell,* 436 U.S. 694-95 (government entity *itself must cause* the constitutional violation at issue) (emphasis added); *Oklahoma City v. Tuttle,* 471 U.S. 808 (1985) (city not responsible for wrongful conduct of a single officer without any policy-making authority); *St. Louis v. Praprotnik*, 485 U.S. 485 U.S. 112 (1988) (decisions by subordinate employees did not necessarily reflect the city's official policy).

Here, Plaintiff simply alleges BCSO, through its purported agent, Troy's Wrecker Service, unlawfully deprived Plaintiff of his property.  As discussed in subsection (E) below, Plaintiff's lone allegation that Troy's Wrecker Service was acting as an agent for these Defendants is belied by the remainder of the facts as alleged by Plaintiff.

Even accepting this allegation as true (which these Defendants certainly deny) BCSO cannot be held liable for the actions of an alleged agent without independent allegations of wrongdoing on the part of these Defendants. *Monell,* 436 U.S. at 694; *Gregory,* 444 F.3d at 752. Troy's Wrecker Service's actions are not alleged to necessarily reflect BCSO policy and there is no allegation Troy's Wrecker Service possessed BCSO policy making authority. *Id.* Under well-established precedent cited above, and even accepting Plaintiff's allegations as true, Plaintiff has failed to state a claim upon which relief can be granted. *Id., Fed. R. Civ. P.* 12(b)(6); *Monell,* 436 U.S. at 694; *Gregory,* 444 F.3d at 752. As such, this claim must be dismissed against BCSO.

**B.  No Allegation Sheriff Sholar was Acting Under "Color of Law"**

To prevail on a claim brought under 42 U.S.C. § 1983, Plaintiff must show that the Defendant acted "<u>under color of law</u>" and that Defendant's conduct deprived Plaintiff of a right, privilege or immunity secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983 (emphasis added); *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).

There are no allegations in the Complaint that Sheriff Sholar acted under "color of law" – a fundamental/basic prerequisite to a claim brought under 42 U.S.C. § 1983. While the Complaint alleges Hillview Officers acted under color of law, see *Complaint* ¶¶ 10-11, the Complaint omits such allegations as to Sheriff Sholar. Consequently,  Plaintiff's Constitutional Deprivation of Property Claim as to Sheriff Sholar fails as a matter of law.

**C.  No Allegation State Remedies for Redress are Inadequate**

Next, Plaintiff's claim couched under the Fourteenth Amendment further alternatively fails because Plaintiff does not allege that the state remedies for redress were inadequate. *Victory v. Walton,* 721 F.2d 1062, 1065-66 (6th Cir. 1983). (plaintiff must attack the state's corrective procedure as well as the substantive wrong). Where state law provides immediate corrective

redress in its courts, as to property that has been rightfully acquired but wrongfully retained, deprivation of the property interest does not violate federal due process unless those state procedures are inadequate to compensate the plaintiff for the subject deprivation. *Victory* at 1063-64 (citing *Parratt v. Taylor,* 451 U.S. 527 (1981)).

Here, Plaintiff's Complaint makes no mention of Kentucky's corrective processes for redress in state court or whether same are inadequate to redress his alleged injuries. Even accepting Plaintiff's allegations as true, the Complaint does not state a state a claim upon which relief can be granted against these Defendants because of Plaintiff's failure to allege the state remedies are inadequate. *Fed. R. Civ. P.* 12(b)(6); *Victory* at 1063-64.

### D. Plaintiff Expressly Alleges Sheriff Sholar Was Not Involved With Plaintiff's Arrest or Towing of the Vehicle

The Complaint, when taken as true, demonstrates <u>Hillview Officers</u> conducted a traffic stop of Plaintiff pursuant to a warrant for the registered owner of the vehicle Plaintiff was driving, then removed him from the vehicle, arrested him, and ordered Troy's Wrecker Service to tow the vehicle from the scene. *Complaint,* ¶¶ 1, 17-19, 21-22, 24, 29-32. The Complaint further alleges <u>Troy's Wrecker Service</u> took possession of the vehicle and failed to provide required statutory notices to Plaintiff regarding recovery of and/or public sale of same. *Complaint,* ¶¶ 32-33. Plaintiff's Complaint does not allege that Sheriff Sholar nor any BCSO Deputy was present for or had knowledge of these events. *Id.* When the Court assumes Plaintiff's allegations to be true, they simply do not "raise a right to relief above the speculative level" that Sheriff Sholar deprived Plaintiff of a property interest without procedural due process of law. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Victory v. Walton,* 721 F.2d 1062, 1065-66 (6th Cir. 1983). The allegations against these Defendants that Plaintiff fails to connect to the arrest or the taking of the

property (that Plaintiff did not own) do not support Plaintiff's claim under the Fourteenth Amendment against Sheriff Sholar and same therefore must be dismissed.

### E.   Troy's Wrecker Service Has No Agency With These Defendants

While § 1983 claims against a governmental entity cannot be brought under a theory of *respondeat superior,* Plaintiff's Complaint nevertheless improperly alleges these Defendants are liable for the acts of Troy's Wrecker Service based upon an alleged contractual relationship. *Complaint,* ¶ 15; *Monell,* 436 U.S. at 694; *Leary*, 349 F.3d at 903; *Taylor,* 69 F.3d at 81.  In actions brought for deprivation of constitutional rights under § 1983, "under color of state law" refers to acts <u>made possible by state authority</u>, *including state employees and agents.*  42 U.S.C. § 1983; Federal Practice and Procedure (Wright & Miller), § 3573.2. (emphasis added).  Here, Plaintiff has not alleged Troy's Wrecker Service was a government entity, quasi-governmental agency, an alter ego of these Defendants, or a government employee/agent.  *Ky. Cntr for the Arts v. Berns*, 801 S.W.2d 327 (Ky. 1990); *Comair, Inc. v. Lexington-Fayette Urban Cnty Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009); *Howard v. Big Sandy Area Development District, Inc.,* 626 S.W.3d 466, 470 (Ky. 2020) quoting *Comair, Inc.* at 99.

Plaintiff bears the burden to establish an agency relationship.  *Wright v. Sullivan Payne Co.,* 839 S.W.2d 250, 252 (Ky. 1992); *S.C. v. Wyndam Hotels and Resorts, Inc.,* 728 F.Supp.3d 771, 778-79 (N.D. Ohio 2024) quoting *Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 97-98 (1991) (adopt state law where a federal statute is silent on a matter traditionally of state concern); 42 U.S.C. § 1983 (silent on matters of agency).

Turning to the allegations of Plaintiff's Complaint, not only is it implausible these Defendants are vicariously liable for Troy's Wrecker Service, but the Complaint is devoid of any facts connecting these Defendants to the alleged improper arrest and vehicle impoundment.   To

show an agency relationship, Plaintiff must allege a "fiduciary relation which results from the manifestation of consent by one person [the principal] to another [the agent] that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581, 591 (Ky. 2012) citing *Phelps v. Louisville Water Company*, 103 S.W.3d 46, 50 (Ky. 2003); "the right to control is considered to be the most critical element in determining whether an agency relationship exists." *Reis v. Campbell Cnty. Bd. of Educ.,* 938 S.W.2d 880, 883 (Ky. 1996) citing *Grant v. Bill Walker Pontiac-GMC, Inc.,* 523 F.2d 1301 (6th Cir. 1975). According to the Complaint, Hillview Officers stopped Plaintiff, called Troy's Wrecker Service to the scene, then told Plaintiff "he's gonna lose the car," and directed Troy's Wrecker Service to remove the vehicle, while allegedly ignoring a Hillview ordinance about impounding cars in a public place, and without following any applicable law. *Complaint,* ¶¶ 17, 21, 24, 29, 30. These expressed allegations make out facts that support a reasonable inference that an <u>agency relationship</u> might have existed between <u>Troy's Wrecker Service and Hillview Officers</u>, but certainly <u>not</u> these Defendants. *Ashcroft*, 556 U.S. at 678 *citing Twombly,* 550 U.S. at 556; *Ping,* 376 S.W.3d at 591; *Reis,* 938 S.W.2d at 883 *citing Grant,* 523 F.2d 1301. (emphasis added).

Because no logical inference can be made, from the allegations as proffered by Plaintiff, that these Defendants were involved in this incident in any way, the Constitutional Deprivation of Property must be dismissed against these Defendants.

## IV.    PLAINTIFF FAILS TO SUFFICIENTLY PLEAD A § 1983 CONSPIRACY CLAIM

Plaintiff's Complaint alleges "[d]efendants conspired together" to convert Plaintiff's car into their own possession and then concealed the "enterprise." *Complaint,* ¶¶ 41-42. When taking all reasonable inferences in favor of Plaintiff, these allegations do not support a right to recovery

as they use legal conclusions ("conspired together") to improperly muddle the elements of Plaintiff's vague constitutional deprivation of property claim with a conspiracy claim under § 1983, which is a separate claim. *F.R.C.P.* Rules 8(2) and 12(b)(6); *DirectTv, Inc.,* 487 F. 3d 471, 476 (6th Cir. 2007) (court must disregard unwarranted legal conclusions and factual inferences); *Edison v. State of Term. Dep't of Children's Servs.* 510 F. 3d 631, 634 (6th Cir. 2007) (court must disregard legal conclusions masquerading as factual allegations).

A § 1983 conspiracy requires "enough facts to support a reasonable inference that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Boxill v O'Grady*, 935 F.3d 510, 519 (6th Cir. 2019) (quotations and citation omitted). "[C]onspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Here, Plaintiff has neither sufficiently nor properly alleged a Constitutional Deprivation of Property claim under § 1983, or a conspiracy to commit same by these Defendants. Instead, the vague and conclusory allegations appear to be an improper attempt to blend conclusory conspiratorial elements into the constitutional claim to bolster, or distract from, the significant deficiencies of the latter. Because of this, and all the reasons discussed above, Plaintiff has not properly alleged a claim these Defendants conspired to constitutionally deprive Plaintiff of his property, under § 1983, and therefore fails to state a claim upon which relief can be granted. *F.R.C.P.* Rule 12(b)(6).

## V.    *MONELL* CLAIM AGAINST BCSO FAILS

As established, because there is no constitutional violation, Plaintiff does not have a claim under § 1983, meaning Plaintiff's alleged harm was not caused by a constitutional deprivation of Property for which these Defendants bear responsibility. *Collins v. City of Harker Heights,* 503 U.S. 115, 120 (1992); *Gregory,* 444 F.3d at 752.   Even if Plaintiff sufficiently alleged a constitutional violation under § 1983, Plaintiff may only hold BCSO liable under § 1983 for the entity's own wrongdoing. *Gregrory,* 444 F.3d at 752; *Monell,* 436 U.S. at 694 (a local government violates § 1983 where execution of a government's policy or custom deprives an individual of his or her constitutional rights).   To maintain a 42 U.S.C. § 1983 claim against BCSO, Plaintiff's Complaint must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy." *Webb,* 802 F. Supp. 2d at 885, *quoting Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003).

Here, Plaintiff alleges BCSO failed to train Troy's Wrecker Service on proper protocol and limits for seizing/taking property and required due process notices. *Complaint*, ¶ 52.   However, the Complaint does not point to any BCSO policy/custom that pertained to Plaintiff's arrest or towing of the vehicle Plaintiff did not own – a fundamental requirement for a *Monell* claim. *Frontera v. City of Columbus,* 395 Fed.Appx. 191 (6th Cir. 2010) quoting *Monell v. New York City Department of Social Services,* 436 U.S. 658, (1978).   There is also no allegation BCSO had a policy or custom of "training" Troy's Wrecker Service, let alone a BCSO's policy or custom that contains constitutional limits on takings, due process notices and procedures to which Troy's Wrecker Service had an obligation to adhere. *City of Canton, Ohio v. Harris*, 49 U.S. 378, 393 (1989).

Not only does the Complaint fail to identify a BCSO policy or custom, but it also fails to articulate how execution of BCSO policy/custom caused Plaintiff harm – as discussed above, Troy's Wrecker Service was not a government agent acting under color of law.  42 U.S.C. § 1983; FP&P, § 3573.2. When drawing all reasonable inferences in favor of Plaintiff, the Complaint does not show a plausible right to recovery under *Monell,* because Troy's Wrecker Service was not executing BCSO policy/custom, there is no indication Troy's Wrecker Service was subject to BCSO policy/custom or carried out any orders/directive of BCSO.  *Id., Monell,* 436 U.S. at 694; *Webb,* 802 F. Supp. 2d at 885; *Alkire,* 330 F.3d at 815.   Instead, the Complaint demonstrates Hillview Officers summoned Troy's Wrecker Service to tow the subject vehicle and no BCSO deputies were present during Plaintiff's traffic stop.  *Complaint,* ¶ 24, ¶¶ 29-32, ¶¶ 32-33.

Also, the Complaint alleges Plaintiff <u>did not own the subject vehicle</u>, but that a <u>passenger was the registered owner</u>, and that individual is not a party to this case.  *Complaint,* ¶¶ 17,¶24 (emphasis added).   Therefore, the allegations, if accepted as true, **do not show Plaintiff was deprived of any constitutional right** in connection with the towing of the subject vehicle.  42 U.S.C. § 1983.  For all the reasons discussed above, Plaintiff has not established a right to relief under *Monell* against BCSO, and this claim must be dismissed.  *Fed. R. Civ. P.* 12(b)(6).

## VI.   NEGLIGENCE/NEGLIGENT SUPERVISION CLAIMS FAIL

Plaintiff claims BCSO, "breached its duty to properly train and supervise officers, proximately causing [Plaintiff's] injuries."  *Complaint,* ¶ 60.  However, negligent supervision claims "focus on the direct negligence of the employer which permitted otherwise avoidable circumstances to occur."  *O'Hara v. Laurel County Correctional Center*, No. 6:23-CV-026-CHB, 2023 WL 5729212 at *9 (E.D. Ky. Sept. 5, 2023) *quoting Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009);   *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2003) citing

*Pathways, Inc., v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (Plaintiff must establish BCSO had a legally cognizable duty toward Plaintiff and breached same).  Also, the Complaint fails to allege any facts from which it could be inferred that Sheriff Sholar or anyone at BCSO "knew or had reason to know of the risk" any employment created – a prerequisite to any negligent supervision claim.  *Carberry v. Golden Hawk Transp. Co.*, 402 S.W.3d 556, 564 (Ky. Ct. App. 2013); *Smith v. Norton Hosps., Inc.*, 488 S.W.3d 23, 32 (Ky. App. 2016).

Here, no BCSO official (let alone one with supervisory authority) permitted, knew or had reason to know of an avoidable circumstance that proximately caused Plaintiff's alleged injuries. *Ten Broeck Dupont, Inc.*, S.W.3d at 734.  According to the Complaint, no BCSO employee was present or involved in Plaintiff's traffic stop or the alleged taking of the <u>passenger's</u> vehicle, meaning Plaintiff has failed to establish any BCSO employee posed a risk, let alone his/her <u>employer knew or should have known</u> the risk the employee created.  *Alexander v. Gypsum Express, LTD,* 2020 WL 6786895 citing *Hensley v. Traxx Mngmt. Company*, S.W.3d 652 (Ky. App. 2020), *McDonald's Corp. v. Ogborn,* 309 S.W.3d 274, 291 (Ky. App. 2009).

The Complaint, even if accepted as true, simply does not plausibly establish a negligence or negligent supervision claim.  According to the express allegations of Plaintiff's Complaint, BCSO was not part of this incident and Troy's Wrecker Service was not a government agent or <u>any agent</u> of BCSO.  The Complaint also fails to establish any BCSO employee, deputy or agent knew or had reason to know what occurred during the subject traffic stop.  The Complaint affirmatively demonstrates that BCSO owed no duty to Plaintiff and did not breach any duty that proximately caused any alleged injury that occurred during the traffic stop, arrest or towing of the passenger's vehicle.  Even if BCSO had a legally cognizable duty with respect to the taking of the passenger's vehicle, and breached same, these claims fail because there is nothing to indicate

Plaintiff was harmed, as he did not own the subject vehicle.  Consequently, Plaintiff's negligence claims against BCSO must be dismissed as a matter of law.

**VII.   NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS CLAIM MUST BE DISMISSED**

Plaintiff alleges Sheriff Sholar, individually, is liable for negligent infliction of emogional distress (hereafter "NIED") because his "conduct was outrageous, intended to or recklessly caus[ed] several emotional distress to a vulnerable, elderly citizen." *Complaint,* ¶ 62.  However, like the negligence claims discussed above, even when accepted as true, the NIED claim does not plausibly show Sheriff Sholar owed Plaintiff any duty.  *Modern Holdings, LLC v. Corning Inc.*, No. 13-405-GFVT, 2015 WL 1481457, at (E.D. Ky. 2015) quoting *Osborne v. Keeny*, 399 S.W.3d 1, 17 (Ky. 2012) (NIED claims require Plaintiff to establish the basic elements of negligence, including duty and breach thereof) (emphasis added).  Moreover, an NIED claim is grounded in harassing or abusive behaviors that cause severe emotional distress. *Childers v. Geile ,* 367 S.W.3d 576, 581 (Ky. 2012).  From the face of the Complaint, it is not possible that Sheriff Sholar behaved abusively or harassed Plaintiff, as he was not present during the traffic stop, did not tow or direct anyone to tow the vehicle, never interacted with Plaintiff, and was not involved with any subsequent alleged deficient statutory notices related to the taking.  *Complaint,* ¶ ¶ 1, 17-19, 21-22, 24, 29-32.  Plaintiff's Complaint fails to state a NIED claim against Sheriff Sholar, in his individual capacity, upon which relief can be granted and therefore this claim must be missed. *Fed. R. Civ. P.* 12(b)(6).

**VIII.   STATE LAW CLAIMS ARE SUBJECT TO IMMUNITY**

As discussed above, Plaintiff alleges negligence claims against BCSO and an NIED claim against Sheriff Sholar individually, but these Defendants are afforded immunity as to both claims, which must be decided at the earliest opportunity.  "[I]mmunity entitles its possessor to be free

'from the burdens of defending the action, not merely . . . from liability.'" *Breathitt Cnty. Bd. Of Educ. v. Prater*, 292 S.W.3d 883, 886 (Ky. 2009) quoting *Rowan County v. Sloas*, 201 S.W.3d 469, 474 (Ky. 2006) (change added)).  Immunity protects "against the cost of trial and the burdens of broad-reaching discovery that are peculiarly disruptive of effective government." *Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004).  "Obviously, such an entitlement cannot be vindicated following a final judgment for, as by then the party claiming immunity has already borne the costs and burdens of defending the action." *Prater* at 886.

The negligence claims against BCSO are in essence claims against Bullitt County – the real party in interest, who has sovereign immunity. *Yanero v. Davis,* 65 S.W.3d 510 (Ky. 2001). Counties predate the existence of the state and are considered direct political subdivisions of it, enjoying the same immunity as the state itself. *Comair, Inc. v. L.-F.U.C. Airport Corp.*,  295 S.W.3d 91, 94 (Ky. 2009) citing *L.-F.U.C.G. v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004); see also *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003) ("A county government is cloaked with sovereign immunity."); cf. Thomas P. Lewis, James S. Kotas, and Charles N. Carnes, *Consolidation-Complete or Functional-of City and County Governments in Kentucky*, 42 Ky. L.J. 295 (1952-1953) ("[T]he main purpose of counties has been to function as administrative subdivisions of the state.").

As an entity cloaked with the sovereign immunity of the Commonwealth, maintaining any suit against Bullitt County is precluded, "unless the state has given its consent or otherwise waived its immunity." *Yanero,* 65 S.W.3d at 517 *citing Restatement (Second) of the Law of Torts §* 895B(1) (A.L.I.1979); 72 Am.Jur.2d, States, Territories, and Dependencies, § 99 (1974).  Here, the Commonwealth has not consented to or otherwise waived its immunity for these claims.  KRS § 70.040, which waives a sheriff's office's immunity for tortious acts or omissions committed by

its deputies, is inapplicable here; Plaintiff has not brought derivative claims against BCSO for the acts or omissions of any deputy – not to mention the Complaint fails to allege any BCSO deputy was involved in the subject incident. KRS § 70.040; *Jones,* 260 S.W.3d at 345; *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009). There being no waiver of immunity for Plaintiff's state law claims against Bullitt County, the real-party-in-interest, BCSO enjoys sovereign immunity, and such claims must be dismissed.

To the extent Plaintiff alleges a NIED claim against Sheriff Sholar in his individual capacity, that claim is barred by qualified immunity, which "affords protection from damages liability for good faith judgment calls made in a legally uncertain environment" and "applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero*, 65 S.W.3d at 522 (citations omitted). "Part and parcel to the scheme of qualified official immunity is the notion that public officials will not be held liable for "'bad guesses in gray areas.'" *Rowan Cnty, v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006).

Plaintiff's allegations, even if accepted as true, fail to demonstrate Sheriff Sholar <u>had any duty</u> toward Plaintiff, let alone that his duties were ministerial, and not discretionary acts performed in good faith within the scope of his discretionary authority. *Sloas,* 201 S.W.3d 469, 480; *Haney v. Monsky,* 311 S.W.3d 235, 244 (2010); *Marson v. Thomason*, 438 S.W.3d 292, 302 (Ky. 2014); *Upchurch v. Clinton County,* 330 S.W.2d 428, 430 (Ky. 1959). For these reasons, Sheriff Sholar is afforded qualified official immunity for Plaintiff's NIED claim made against him in his individual capacity.

**CONCLUSION**

Based on the foregoing, Plaintiff's very problematic Complaint lacks Federal Court standing and all claims against these Defendants must be dismissed.  Even if the Complaint meets threshold standing requirements, there is no constitutional violation to support Plaintiff's Fourteenth Amendment Constitutional Deprivation of Property claims, under 42 U.S.C. § 1983, and same must be dismissed.  Further, Plaintiff's *Monell* claim does not state a claim upon which relief can be granted, the Negligence/Negligent Supervision and NIED claims fail for a variety of reasons and must be dismissed, and the state law claims against BCSO and Sheriff Sholar are barred, by sovereign immunity and qualified official immunity, respectively.

Respectfully submitted,

/s/ Carol Schureck Petitt
Carol Schureck Petitt
Matthew R. Bastin
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
cpetitt@vplegalgroup.com
mbastin@vplegalgroup.com
COUNSEL FOR DEFENDANTS SHERIFF
WALT SHOLAR AND BULLITT COUNTY
SHERIFF'S OFFICE