**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| **Charles Zoeller**, | ) | |
|     Plaintiff**,** | ) | |
| v. | ) | **CASE NO. 3:25-CV-00740-DJH** |
| | ) | |
| **Officer Walter Baker, et al.** | ) | |
| **Individually and in his official capacity;** | ) | |
| | ) | |

---

### RESPONSE TO TROY'S MOTION TO DISMISS

---

Comes now the Plaintiff, Charles Zoeller, by and through Counsel, and Responds in Opposition to Defendant Troy's Wrecker Services ("Troy's") Motion to Dismiss. As described below, the statute of limitations period is governed by Kentucky Law under KRS 413.140(1)(a), but Federal Rule of Civil Procedure (FRCP) 3 governs "commencement" of an action, and Rule 4(m) governs service. As such, Plaintiff requests this court to overrule Troy's Motion to Dismiss.

### <u>INTRODUCTION</u>

Troy's moves to dismiss Plaintiff's § 1983 claim on the theory that although the Complaint was filed within Kentucky's one-year statute of limitations, the action was not "commenced" before expiration of the limitations period because a summons was not issued until after the filing date. The argument misapprehends controlling federal law. In a federal-question action filed in federal court, Federal Rule of Civil Procedure 3 governs commencement, and Rule 4(m) governs service. Plaintiff complied with both. The Motion to Dismiss should be denied.

**I.      THE ACTION WAS TIMELY COMMENCED UPON FILING UNDER FEDERAL RULES OF CIVIL PROCEDURE (FRCP) 3.**

1

A.  Section 1983 Borrows Kentucky's Limitations Period, But Federal Law Governs Commencement in Federal Court

Section 1983 contains no statute of limitations. Federal courts therefore borrow the forum state's general personal-injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Kentucky, that period is one year. KRS 413.140(1)(a). Plaintiff alleges that the deprivation of property occurred on November 20, 2024. Plaintiff filed the Complaint on November 19, 2025—within one year of the alleged injury. Accordingly, the filing occurred within the borrowed statute of limitations.

While state law supplies the length of the limitations period, federal law governs procedural matters in federal court. *Wallace*, 549 U.S. at 388; *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (accrual is governed by federal law in § 1983 actions). The Federal Rules of Civil Procedure therefore control when an action commences in federal court.

Federal Rule of Civil Procedure 3 states unambiguously: "A civil action is commenced by filing a complaint with the court." The Supreme Court has confirmed that Rule 3 governs commencement of actions in federal court for purposes of federal limitations periods. *West v. Conrail*, 481 U.S. 35, 39 (1987). Under Rule 3, Plaintiff's action was commenced on November 19, 2025—the date the Complaint was filed.

B.  Defendant's Reliance on Kentucky State Commencement Doctrine Is Legally Misplaced

Defendant relies on Kentucky state cases holding that, in Kentucky state court, filing alone does not toll the statute of limitations unless a summons is issued in good faith before expiration of the statutory period. Those authorities interpret Kentucky procedural rules governing commencement in Kentucky courts.

This case, however, is pending in the United States District Court for the Western District of Kentucky. Federal procedural rules apply. The Supreme Court has held that where a Federal

2

Rule of Civil Procedure directly addresses a procedural issue, the Federal Rule governs in federal court. *Hanna v. Plumer*, 380 U.S. 460, 471–74 (1965). *See also Conrail*, 481 U.S. at . Rule 3 directly addresses commencement. Kentucky's state-court summons-issuance doctrine therefore does not control.

Defendant's argument improperly conflates borrowing the length of a state limitations period with importing state procedural mechanics into federal-question litigation. Nothing in § 1983 or Supreme Court precedent supports that conflation.

## II.   SERVICE WAS TIMELY UNDER FRCP 4(m).

Once the Complaint was filed within the statute of limitations, service was governed by Federal Rule of Civil Procedure 4(m), which allows ninety days from filing to serve the defendant. Significantly, FCRP 4 also includes a waiver of service provision, which Kentucky Rules do not provide for, by which parties should attempt to reduce fees and costs of actions where possible. Plaintiff sought waiver of service from Troy's, did not receive a timely waiver, and thus tendered a summons on February 2, 2026. Troy's has now entered an appearance. Both actions occurred within ninety days of the November 19, 2025, filing date.

Defendant does not contend that Rule 4(m) was violated. Nor could it. Service was timely under the Federal Rules. Because the action was commenced upon filing and service was perfected within the time permitted by Rule 4(m), there is no procedural defect and no statute-of-limitations bar.

Dismissal under Rule 12(b)(6) on statute-of-limitations grounds is appropriate only where the defense is apparent on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Here, the face of the Complaint demonstrates that it was filed within one year. The limitations defense therefore fails as a matter of law.

### III.    *WALKER v. ARMCO STEEL* DOES NOT SUPPORT DISMISSAL

Defendant may attempt to rely on *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), to argue that state commencement rules control limitations issues. That reliance would be misplaced.

In *Walker*, the Supreme Court addressed a diversity action in which state law expressly tied commencement for limitations purposes to service of process. The Court held that, in that specific diversity context, state law governed because Rule 3 did not purport to displace a state rule defining when limitations is tolled. *Id.* at 751–53. *See also Conrail*, 481 U.S. 39, fn.4.

This case is fundamentally different. It arises under 42 U.S.C. § 1983, a federal cause of action invoking federal-question jurisdiction. The Supreme Court later clarified in *Conrail* that Rule 3 governs commencement of federal actions for purposes of federal statutes of limitations. *Id.* at 39–40, and fn.4. Unlike *Walker*, this case does not involve a state-created cause of action being litigated under diversity jurisdiction. It involves a federal civil rights claim filed in federal court.

Accordingly, *Walker* does not require incorporation of Kentucky's state-court summons-issuance doctrine into this federal § 1983 action. Federal Rule 3 controls.

### CONCLUSION: PLAINTIFF'S CLAIM IS NOT TIME-BARRED

Plaintiff filed the Complaint within Kentucky's one-year statute of limitations. Under Federal Rule 3, the action was commenced upon filing. Service was completed within ninety days as required by Rule 4(m). Defendant's argument depends entirely on importing Kentucky state procedural law into federal-question litigation, contrary to Federal Rules and Supreme Court precedent.

Because the Complaint does not establish on its face that the claim is time-barred,

4

dismissal under Rule 12(b)(6) is improper. The Motion to Dismiss should be denied.

Respectfully Submitted,

/s/Adrienne Southworth
Adrienne Southworth
112 Poplar Drive
Lawrenceburg, Kentucky 40342
502-600-1547
AttyAky@proton.me
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that this Response to Troy's Motion to Dismiss was filed and served via the CM/ECF system on March 19, 2026, to the following:

**Joshua J. Leckrone**
RICHARDSON LAW GROUP, PLLC
334 Beechwood Road, Suite 502
Ft. Mitchell, Kentucky 41017
Josh@RichardsonLawGrp.com
*Counsel for Defendant Troy's Wrecker Service*

**Carol Shureck Petitt**
**Matthew R. Bastin**
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky, 40056
cpetitt@vplegalgroup.com
mbastin@vplegalgroup.com
*Counsel for Defendants Sheriff Walt Sholar and Bullitt County Sheriff's Office*

**Mark A. Osbourn**
BUSH & OSBOURN, PLLC
435 Brownsboro Rd., Suite 110
Lousiville, Kentucky 40207
mosbourn@bushosbourn.com
*Counsel for Defendants Officer Walt Baker, Officer Kenneth Janes, and the City of Hillview*

 /s/Adrienne Southworth
Adrienne Southworth

6